UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME SWEEZER,

    *Plaintiff*,                    CASE NO: 13-CV-14382

*v.*                                        DISTRICT JUDGE STEPHEN J. MURPHY, III
                                          MAGISTRATE JUDGE PATRICIA T. MORRIS

DANIEL HEYNS, MDOC Director,
DEBRA SCUTT, Warden, CYNTHIA
PARTRIDGE, QCU Manager, DANA
JUDGE, Records Administrator, and
ELIZABETH GONIEA,
Departmental Analyst,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)**

**I.**       **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted.  In addition, it is recommended that the following motions be dismissed as moot:

    1)    Motion for summary judgment by Defendants Goniea, Heyns, Judge and Scutt (Doc. 21);

    2)    Plaintiff's motion for summary judgment (Doc. 23); and

    3)    Plaintiff's motion for enlargement of time to serve Defendant Partridge (Doc. 25)

## II.    REPORT

### A.    Introduction

On October 17, 2013, Plaintiff Jerome Sweezer, a *pro se* prisoner filed the instant complaint alleging that Defendants have denied him "regular and special good time off his maximum" or "disciplinary or special disciplinary credits on his minimum" sentences. (Doc. 1 at 4.) Due to this error, Plaintiff alleges that he has been "told he was not eligible for a Foster-Bey interview (for second-degree Lifers) because Plaintiff had not reached his minimum on the robbery armed sentence of 40-80 years thereby the parole board could not have jurisdiction over said sentence." (Doc. 1 at 5.) Plaintiff contends Defendants have violated his due process rights and the prohibition against ex post facto laws contrary to 42 U.S.C. § 1983. (Doc. 1 at 6-8.) Plaintiff indicated that he has filed grievances and has also filed mandamus actions in the state courts of appeals. (Doc. 1 at 8.) Plaintiff contends that he is "not attacking his sentence or his continuing confinement just the use of the allegedly unconstitutional procedures" and that he seeks compensatory and punitive damages and "declaratory/injunctive relief to compel Defendants to follow proper statutory procedures...for indeterminate sentences ran concurrent with a parolable life sentence in granting disciplinary credits, EPA's, County jail days on the minimum and good time credits on the maximum pertaining only to the Indeterminate sentence of 40-80 years." (Doc. 1 at 11-12.)

Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned Magistrate Judge for pretrial proceedings on May 21, 2014. After screening the *pro se* prisoner

2

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B.     Screening Procedure & Governing Law

Federal law provides that:

> The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted . . . .

42 U.S.C. § 1997e(c)(1). Likewise, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

The U.S. Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Furthermore, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H.*

*Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

**C.     Discussion**

I suggest that the case be *sua sponte* dismissed for failure to state a claim upon which relief can be granted under section 1983. Despite Plaintiff's protests to the contrary, Plaintiff is asking this Court "for restoration of disciplinary credits [which are] properly addressed in a habeas corpus petition, not an action under § 1983." *Fitts v. Snyder*, No.12-13575, 2014 WL 1304640, at *5 (E.D. Mich. Mar. 31, 2014), *citing Wilkinson v. Dobson*, 544 U.S. 74, 78 (2005); *accord, Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should be dismissed, not "converted into" or "construed as" a habeas corpus suit and decided on the merits because such a construction "raises significant practical problems." *Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). *See also Moore v.*

4

*Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

I therefore recommend that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not

later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 29, 2014                                  /S Patricia T. Morris
                                                              Patricia T. Morris
                                                              United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Notice was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record.  A hard copy was delivered by first class mail to Jerome Sweezer, #169468, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI, 49442.

Date:  May 29, 2014                        By       s/*Jean L. Broucek*
                                                               Case Manager to Magistrate Judge Morris